**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 19-24274-GLT |
| Kristal C. Owens, | ) |
|     **Debtor,** | ) **Chapter** 11 |
| U.S. Bank National Association, as | ) |
| Trustee for Lehman XS Trust | ) **Related Document No.** 161-158 |
| Mortgage Pass-Through | ) |
| Certificates, Series 2007-15N | ) **Hearing Date:** 06/18/20 @ 10:00 a.m. |
|     **Movant,** | ) |
|     vs. | ) **Response Due:** June 8, 2020 |
| Kristal C. Owens and | ) |
| Larry E. Wahlquist, Chapter 11 Trustee, | ) |
|     **Respondents.** | ) **Document No.** |

**RESPONSE TO THE AMENDED MOTION
FOR RELIEF FROM AUTOMATIC STAY**

    **AND NOW**, comes the Debtor, Kristal C. Owens, by and through her attorneys, Calaiaro Valencik, and presents the following:

**THE PARTIES**

    1.    Admitted.

    2.    Admitted.

    3.    It is admitted that the Movant is seeking relief from the automatic stay imposed by 11 U.S.C. § 362.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    The Debtor admits that the principal amount is due. The Debtor is unable to admit or deny the interest, escrow advances, and corporate advances because the Movant has not plead the amounts due with specificity. The Debtor has not received

any bills and the information is in the control of the Movant. To the extent it is relevant to the disposition of this motion, the Debtor demands strict proof thereof.

9.  It is admitted that the loan is in default, the Debtor denies the amount of the default because the Movant has not plead the amounts due with specificity. The Debtor has not received any bills and the information is in the control of the Movant. To the extent it is relevant to the disposition of this motion, the Debtor demands strict proof thereof.

10.  It is admitted that the property was not listed on the Debtor's petition and schedules. The Debtor believed that the Movant had foreclosed upon the property. The Debtor had abandoned this property in the prior case filed at 15-22220-GLT.

11.  The Debtor stipulates that cause exists to terminate the stay. In the prior bankruptcy case filed at 15-22220-GLT, the Debtor abandoned this property and the movant did not exercise its rights. The Debtor requests that the Court condition relief on the requirement that the Movant actually exercises its rights. This property is burdensome to the estate. The plan dated May 14, 2020 provides in article 7.7:

> *"Upon confirmation, the class 7 claimholders shall be permitted to enforce their rights under the mortgage. The Debtor will consent to a judgment in foreclosure. The Debtor will offer a deed in lieu of foreclosure to these lenders provided the lender pays all costs of preparation and recording the deed.*
> *In the alternative, the lender may request the Debtor to conduct a sale of the collateral free and clear of all liens and the Debtor will cause an appropriate Motion to sell to be filed; provided the lender pays for all costs, legal fees and closing costs associated with this sale. In the event the lender elects any deed in lieu of foreclosure or Sale through the Bankruptcy Court, that election must be made prior to the date upon which the Order confirming the Plan of Reorganization becomes final.*
> *The lender in this class must take affirmative action to enforce their rights to foreclose or sell this property prior to the filing of the motion for a Final Decree"* but not less than ninety (90) days after the Plan Effective date. The Reorganized Debtor has elected not to repair or to maintain this property. These costs would be burdensome to the Reorganized Debtor. If they fail to enforce their rights and the Debtor must take action and expend money to maintain this property, the mortgages in Class 7 will be deemed to have been released and they shall be

given unsecured claims. In the event that the class 7 participants fail to act timely, the Debtor shall be entitled to an Order satisfying these mortgages when she files a Motion for a Final decree.

The Debtor is willing to issue a deed in lieu of foreclosure immediately or will consent to a foreclosure sale. The Debtor is requesting the Court to help fashion a remedy that does not expose the debtor to future costs associated with this burdensome property. The costs of maintaining this burdensome property may pose a threat to the Debtor's reorganization efforts

**WHEREFORE,** the Debtor requests that this Honorable Court enter an appropriate order.

**Respectfully Submitted,**

**DATE:** June 8, 2020

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**(412) 232-0930**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** ) | **Case No.** 19-24274-GLT |
| Kristal C. Owens, ) | |
| **Debtor,** ) | **Chapter** 11 |
| U.S. Bank National Association, as ) | |
| Trustee for Lehman XS Trust ) | **Related Document No.** 149-147 |
| Mortgage Pass-Through ) | |
| Certificates, Series 2007-15N ) | **Hearing Date:** 06/18/20 @ 10:00 a.m. |
| **Movant,** ) | |
| vs. ) | **Response Due:** May 29, 2020 |
| Kristal C. Owens and ) | |
| Larry E. Wahlquist, Chapter 11 Trustee, ) | |
| **Respondents.** ) | **Document No.** |

**CERTIFICATE OF SERVICE OF THE RESPONSE TO MOTION**
**FOR RELIEF FROM AUTOMATIC STAY**

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on May 19, 2020.

**SERVICE BY E-MAIL**:
Kristal C. Owens; kri101@aol.com
**SERVICE BY NEF**:
Keri P. Ebeck, Esquire;kebeck@bernsteinlaw.com
Larry E. Wahlquist on behalf of U.S. Trustee Office of the United States Trustee; larry.e.wahlquist@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** May 19, 2020      /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
dcalaiaro@c-vlaw.com

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**