IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>KRISTAL C. OWENS,<br><br>Debtor,<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-15N,<br><br>Movant | Bankruptcy No. 19-24274-GLT<br><br>Chapter 11<br><br>Doc. No. 152 |

## **OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN DATED MAY 14, 2020**

AND NOW, comes Movant, U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N ("Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and in support of its Objection to Confirmation of Chapter 11 Plan Dated May 14, 2020 represents as follows:

### **THE PARTIES**

1.  Respondent, Kristal C. Owens, is an adult individual with a place of residence located at 10482 Baltimore Avenue, Suite 277, Beltsville, MD 20705.

### **JURISDICTION AND VENUE**

2.  This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

3. On or about October 31, 2019, Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

4. U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N holds a mortgage (the "Mortgage") on Debtor's real property located at 5137 Astor Place, S.E., Washington, DC 20019 ("Property"), recorded in the Washington D.C. Recorder of Deeds, to secure an Adjustable Rate Note (the "Note").

5. Pursuant to the Note, mortgage payments are due on the 1st day of each month. The monthly mortgage payment is $1,863.63.

6. The outstanding balance owed to Movant on the above referenced Mortgage and Note is $554,102.65, which includes: $118,479.92 in interest, $56,925.52 in escrow advance and $92,859.74 in Corporate Advances.

7. On June 18, 2020, an Order Granting Movant Relief from the Automatic Stay was entered by this Honorable Court at Doc. No. 172.

8. Debtor filed her Chapter 11 Plan at Doc No. 152 on May 14, 2020 ("Plan").

**OBJECTION**

9. The Movant hereby incorporates by reference its averments of paragraphs one (1) through eight (8) above as if set forth herein by reference.

10. According to Debtor's Plan, Class 7-U.S. Bank (Movant) shall be deemed to have paid its allowed claim in full for foreclosure from the sale proceeds in order of the priority of liens. Additionally, the Plan also states that "The Lender in this class must take affirmative action to enforce their rights to foreclose or sell this property prior to the filing of the motion for final decree; but not less than ninety (90) days after the Plan Effective Date.'

11. The Plan states that if the Movant fails to foreclose and enforce its lien rights, the mortgages in Class 7 will be deemed to have been released and that the Debtor shall be entitled to an Order satisfying the mortgages.

12. The word "surrender" is not defined by the U.S. Bankruptcy Code. That being said, 11 U.S.C. §1129 does not provide for surrender of property nor a provision to force a foreclosure or vest title in the lender.

13. "Although surrender envisions a debtor relinquishing his or her rights in the collateral, there is no corresponding requirement that the lender to do anything to the property." *In Re Rose*, 512 B.R. 790 (2014); citing *Pratt v. Gen. Motors Acceptance Corp. (In Re Pratt)*, 462 F. 3d. 14, 18-19 (1st Cir. 2006); *Canning v. Beneficial Main, Inc. et. Al. (In Re Canning),* 442 B.R. 165 (D. Me. 2011); *In Re Arsenault*, 456 B.R. 627 (Bankr. D. Ga. 2011).

14. The case of *In Re Arsenault*, held that "a secured creditor is entitled to control its remedies; thus a "plan cannot require a secured creditor to accept a surrender or property or take possession of or title to it through repossession or foreclosure". *In Re Arsenault*, 456 B.R. 627 at 630.

15. The Court went on to say that the U.S. Bankruptcy Code does not authorize the Court to create substantive rights that are not available by statute or law. "While the creditor's failure to foreclose might leave the debtors with continued liabilities, these are by-products of property ownership." *Id. At 631.* "Although the debtors prefer to walk away from the property, their desire does not justify shifting these burdens to the lender." *Id.*

16. "The secured creditor….has the prerogative to decide whether to accept or reject the surrendered collateral." *Canning v. Beneficial Main, Inc. et al. (In Re Canning)*, 706 F. 3d. at 69-70.

17. Finally, the Court in *In Re Rose* opined that "First, and obviously, forcing a lender to take title causes it to assume burdens of ownership for which it did not contract."

18. Therefore, although Movant has relief from the automatic stay, the Debtor cannot force the Movant to foreclose on the property in question; that is a decision that the Movant shall make, not one that shall be forced upon by the Debtor. The Debtor has cited no case law or statute that would permit such treatment in a plan that is proposed to be confirmed.

19. Movant's treatment under Class 7 of the Debtor's Plan does not comply with 11 U.S.C. 1129 and Debtor's Plan is not confirmable.

WHEREFORE, Movant, U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N, respectfully requests that this Honorable Court enter an Order denying confirmation of the Debtor's Chapter 11 Plan Dated May 14, 2020.

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By:/s/ Keri P. Ebeck
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8112
Fax: (412) 456-8135

*Counsel for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N*

Dated: July 2, 2020