**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No**. 19-24274-GLT |
| Kristal C. Owens f/k/a | ) **Chapter** 11 |
| Kristal C. Owens-Gayle, | ) **Related to Doc. No.** 177 |
| | ) **Hearing:** 08/06/20 @ 1:30 p.m. |
| **Debtor.** | ) Document No. |

## SUMMARY OF BALLOTING AND REQUEST FOR CONFIRMATION

**I.  VOTING:**

**Class 1**, **Administrative Claims** were not entitled to vote.

**Class 2**, **Executory Contracts** were unimpaired and not entitled to vote.

**Class 3**, **Toyota Lease Trust** was impaired and did not vote.

**Class 4**, **U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2006-OA1, Mortgage Pass-through Certificates, Series 2006-OA1** was unimpaired and did not vote.

**Class 5**, **Wells Fargo Home Mortgage** was impaired and did not vote.

**Class 6**, **Bayview Loan Servicing** was impaired and did not vote.

**Class 7**, **U.S. Bank, National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-15N** was impaired and did not vote.

**Class 8**, **Secured & Priority Tax Claims** were impaired and accepted the Plan by stipulation.

**Class 9**, **General Unsecured Creditors** were impaired. Sandy Spring Bank, a class 9 creditor agreed to accept the Plan. The acceptance was prior to the conclusion of the solicitation period. The ballot was mailed to Counsel for the Debtor, but has not been received.

**II.   REQUEST FOR CONFIRMATION**

1.  The Debtor advises this Honorable Court that Class 5, 8, and 9 accepted the Plan.

2. The Debtor filed a Stipulation with Bayview Loan Servicing, a Class 5 Creditor, on June 22, 2020. See ECF No. 178. The Stipulation resolved Bayview's objection to the Debtor's Disclosure Statement and Confirmation of the Plan. Bayview's pre-petition claim as filed in Proof of Claim #14 in the amount of $169,404.20 is admitted. Bayview Loan Servicing's claim will be paid by the sale proceeds. If the property is not sold, the Debtor will cooperate and consent to the foreclosure of the Frankstown Avenue property.

3. The United States of America, Internal Revenue Service, a Class 1 and Class 8 creditor, filed a Stipulation with the Debtor. See ECF No. 199. The United States of America, Internal Revenue Service accepts the Plan through the Stipulation.

4. Toyota Lease Trust, a class 3 creditor, filed an Objection to Confirmation of the Plan. See ECF No. 166.

5. U.S. Bank, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N, a Class 7 Creditor, filed an Objection to Confirmation of the Plan. See ECF No. 191.

6. The Plan was tendered in good faith.

7. The Court may confirm individual Debtor's Chapter 11 Plan even if the impaired classes have rejected the Plan under the cram down provisions of (b), which provides as follows:

> (1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

(2) For purposes of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:

(B) With respect to a class of unsecured claims

(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or

(ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the Debtor is an individual, the Debtor may retain property included in the estate under section 1115, subject to the requirements of subsection (a)(14) of this section.

8. Generally, in order to be confirmed under the cram down provisions, the Plan must not discriminate unfairly and be fair and equitable with respect to each impaired class rejecting the Plan.

9. Generally, in order to be fair and equitable, the unsecured claims must be paid in full or the absolute priority rule of 11 U.S.C. § 1129(b)(2)(B)(ii) must be followed.

10. One of the BAPCPA changes to the Bankruptcy Code created an exception to the absolute priority rule by stating "except that in a case in which the Debtor is an individual, the Debtor may retain property included in the estate under section 1115… "Section 1115 is a new section added by BAPCPA, which provides as follows:

11 U.S.C. § 1115 Property of the Estate

(a) In a case in which the Debtor is an individual, property of the estate includes, in addition to the property specified in section 541-
(1) All property of the kind specified in section 541 that the Debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 12 or 13, whichever occurs first; and
(2) Earnings from services performed by the Debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 12 or 13, whichever occurs

first.

11. Thus, Section 1115 is clear that property of the estate in a case in which the Debtor is an individual includes the property described in Section 541 (which includes, but is not limited to, all legal or equitable interests of the Debtor in property as of the commencement of the case), as well as post-petition property and earnings. Since § 1115 broadly defines property of the estate to include property specified in § 541, as well as property acquired post-petition and earnings from services performed post-petition, the absolute priority rule no longer applies to individual Debtors who retain property of the estate under § 1115. Although there do not appear to be any reported decisions directly on point, several commentators agree with this conclusion. One stated:

> "The absolute priority requirements imposed by Code 1129(b)(2)(B)(ii) were waived by permitting a Debtor to retain property included in the estate under 1115. Although §1115 was added by the 2005 Amendments to include post-petition property and earnings, it also incorporates property of the estate under §541, and accordingly it is assumed that the Debtor shall be entitled to retain property under §541 as well. A more narrow interpretation would cause this amendment to have little effect."

12. The Debtor prepared a detailed liquidation analysis for her Disclosure Statement to Accompany the Plan dated May 14, 2020. The liquidation analysis shows that the maximum amount the unsecured creditors would not be any amount available for unsecured creditors in the hypothetical chapter 7 liquidation. The Debtor is proposing to pay the allowed unsecured creditors a claim dividend of 5.23%. Therefore, the unsecured creditors would receive more under this Plan than in a chapter 7 liquidated plan.

13. Under these circumstances, the confirmation standards for an individual Chapter 11 Debtor have been met.

14. There have been impaired classes that accepted the Plan. In the case <u>In re</u>

Ruti-Sweetwater, Inc., 836 F.2d 1263 (1998), the Second Circuit held that a non-voting impaired class who did not object to the confirmation is deemed to have voted in favor of the Plan.

**WHEREFORE,** the Debtor requests this Honorable Court enter confirmation at the appropriate time of the Debtor's Chapter 11 Plan of Reorganization dated May 14, 2020 over the pending objections of Toyota Lease Trust and U.S. Bank, or in the alternative, schedule a hearing on the "Cram Down" of the Plan with negative notice provisions, so that if no creditor requests the "Cram Down" hearing, this Honorable Court enters a Final Order confirming the Plan.

                                                **Respectfully submitted,**

**Dated:** August 4, 2020                  /s/ Donald R. Calaiaro
                                                    **Donald R. Calaiaro, Esquire**
                                                    **PA I.D. #27538**
                                                    **CALAIARO VALENCIK**
                                                    **938 Penn Avenue, Suite 501**
                                                    **Pittsburgh, PA 15222-3708**
                                                    **(412) 232-0930**
                                                    dcalaiaro@c-vlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No**. 19-24274-GLT |
| Kristal C. Owens f/k/a | ) **Chapter** 11 |
| Kristal C. Owens-Gayle, | ) **Related to Doc. No.** 177 |
| | ) **Hearing:** 08/06/20 @ 1:30 p.m. |
| **Debtor.** | ) **Document No.** |

**CERTIFICATE OF SERVICE OF
Summary of Balloting and Request for Confirmation**

I certify under penalty of perjury that I served the above captioned pleading(s) on the parties at the addresses specified below or on the attached list on August 4, 2020**.**

**Service via E-Mail:**
Kristal C. Owens
**Service via NEF:**
Larry E. Wahlquist, on Behalf of the United States Trustee by Suite 970, Liberty Center, 1001 Liberty Avenue, Pittsburgh, PA 15222

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed On:** August 4, 2020     /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire
PA I.D. #27538
CALAIARO VALENCIK
938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
(412) 232-0930
dcalaiaro@c-vlaw.com**