FILED
8/6/20 2:49 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| In re: | : | Case No.: | 19-24274-GLT |
|---|---|---|---|
|  | : | Chapter: | 11 |
| Kristal C. Owens | : |  |  |
|  | : |  |  |
|  | : | Date: | 8/6/2020 |
| *Debtor(s).* | : | Time: | 10:30 |

## PROCEEDING MEMO

*MATTER:*   #184 - Motion to Sell Property Free and Clear of Liens under Section 363(f) .
Re: 204-214 South Avenue, Wilkinsburg, Pennsylvania 15221.
# 194 - CNO filed

# 203 - Proof of Publication in the Pittsburgh Legal Journal and Pittsburgh Post-Gazette
# 204 - Proposed Order

*APPEARANCES:*

Debtor:    Donald Calaiaro
Opa-Hi Development, LLC:    Brett Solomon
Oakdale Development, LLC:    Daniel Spanovich

*NOTES:* (10:40)

Calaiaro: Mr. Spanovich is here on behalf of another qualified bidder.  This a motion to sell the identified property.  We had an original offer from Opa-Hi Development, LLC and Oakdale Development, LLC has filed a qualifying overbid.  There are no objections to sale.  The Debtor has complied with the order noticing all lien holders.  There was proper advertising in publications and on the website.  We had four interested parties and two qualified .  As is/where is sale, there's a special warranty deed.  Delivering possession to the buyer on closing.  Opa-Hi Development's offer required the bidder to pay the broker, $1,000 bidding increments from now to the end of auctions bidding.

Court: Do either of you have any other questions?

Spanovich: Who is paying the commissions?

Calaiaro: The buyer pays.

Spanovich: Both sides?

Calaiaro: Both sides - the 6% the motion talks about.

Court: Any other questions?

Solomon: Our agreement said the parties were going to pay their own broker commissions - I believe in paragraph 15?

Calaiaro: The commission agreement is in what was announced today.

Solomon: I believe our offer stated we wouldn't have to pay a broker commission if we didn't hire a broker.

Calaiaro: The buyer pays their broker and the debtor pays the listing broker.

Court: So the buyer pays 3% to the buyer broker and the seller pays the 3% to the selling broker. Where is the operative language in the agreement?

Solomon: Paragraph 15 of our agreement of sale. If there isn't a buyer's broker, the buyer won't pay a commission.

Court: That is different than what we were talking about before.

Calaiaro: I can accept Mr. Solomon's interpretation. If there is an overbid, it will take a re-calculation to see if it's better for the estate.

Court: Is Oakdale represented by a buyer's broker?

Spanovich: Yes.

Court: So the seller is going to be paying either 3% or, if Opa-Hi is the highest bidder, 6%?

Calaiaro: Correct.

Court: Attny Solomon, any other questions?

Solomon: Not at this time.

Court: Attny Spanovich, are there any further questions from you?

Spanovich: If each party is going to pay their own broker I'm confused about the comment about making the bid calculations.

Calaiaro: I would have to figure out what would be a better bid based on net to the estate based on whether there is a 3% commission or a 6% commission.

Solomon: It was my understanding the parties were going to be paying their own broker, so that changes the mathematics.

Calaiaro: No, just for the first bid.

Sololom: So if Oakdale bids we'd have to bid $216,000 - and after that the increment would be $1,000 and after that each party would pay their own broker at closing?

Calaiaro: That's my understanding.

Court: This isn't a calculation we'd bake into each successive bid?

Spanovich: Maybe I'm reading this wrong - if we're all paying our own broker it doesn't make a difference.

Solomon: That's what I'm understanding as well.

Calaiaro: That's not how I see it.

Court: Aren't the brokers splitting the commission?

Calaiaro: Correct.

Solomon: That's not how the agreement was written, though.

Calaiaro: That's the intent.

Solomon: I disagree.

Court: There's still an issue of what's highest and best though - if there are two offers of $209,000 and if in one scenario the debtor is paying only 3% and in the other it is 6%, that would make an impact on the estate.

Solomon: Is the broker entitled to the full 6%? So if the buyer doesn't have a broker would the debtor have to pay the full 6%?

Calaiaro: We're obligated under court order to pay the broker 6% and if he's the only broker he gets all 6%.

Spanovich: If that's the case, I don't think we have a problem.  The debtor pays 6% and the bids are equal.

Court: The amount is paid to the seller's broker and then split with the buyer's agent?

Calaiaro: I'm willing to concede that just to get things going.

Solomon: So in other words, it doesn't matter who the successful bidder is, the seller is still paying 6%. Either the listing broker gets 6% or 3% if there's a buyer agent.

Court: [Reviewed the language of the listing agreement] Let me ask again, any other questions about the terms of sale or bidding procedures?

Spanovich: The underlying documents don't really matter - we all agree that seller is paying the commission 6%.

Court: The documents do matter, because the Court previously approved the listing agreement and this interpretation must be consistent with the order.

[Property exposed for sale - Bidding concludes with Oakdale Development, LLC offering $237,000, which betters Opa-Hi Development, LLC's bid at $236,000]

Court: Attny Solomon would you like your bid of $236,000 identified as the back-up bid?

Solomon: Yes.

Calaiaro: They have to make a representation to the Court that they have no connection to the Debtor.

Spanovich: We have no relation to the debtor.

Court: The same pertains to Opa-Hi Development?

Solomon: There is no connection between Opa-Hi Development and any of its affiliates and the debtor.

Calaiaro. I've submitted an updated order - I can submit another one with the successful bid amounts.

Court: If you can submit an updated order with the high bid and the back up bid.  There's also a reference here of $5,000 for costs of administration - what is that for?

Calaiaro: It's for legal fees for everything we've done to bring this sale.

Court: But there is a separate line item for your firm to be paid $2,500.

Calaiaro: We've gone way above that in order to get to sale.

Court: So the $2,500 and the $5,000 pertain to the same thing?

Calaiaro: Yes.

Court: The Court finds there's been a robust bidding process and the offer from Oakdale Development, LLC is the highest

and best.

Calaiaro: The order has an exclusion of transfer stamps - we have a hearing on plan confirmation this afternoon.

Court: I assume the order was served on the PA DOR? They haven't filed an objection so I will approve that provision - but if we don't get to plan confirmation within the near future, that might change things.

Spanovich: Should my buyer's agent be submitting anything to Attny Calaiaro?

Court: I'll let Attny Calaiaro answer that, but it seems like the best thing would be for the agents to contact each other. Anything else?

Solomon, Spanovich, Calaiaro: No.

Court: I will enter the form of order once the debtor files the updated version.

*OUTCOME:*

1. Motion to Sell Property Free and Clear of Liens under Section 363(f) Re: 204-214 South Avenue, Wilkinsburg, Pennsylvania 15221 [Dkt. No. 184] is GRANTED [Attorney Calaiaro to submit a revised form of sale order that contains the successful bid amount and the back up bid amount]

**DATED:**  8/6/2020