IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
8/7/20
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN RE: )
)
KRISTAL C, OWENS f/k/a )
KRISTAL C. OWENS-GAYLE, )
) Bank. No. 19-24274 GLT
)
) Chapter 11
Debtor. )
)
)
UNITED STATES OF AMERICA, )
)
) Related to
Movant, ) Document Nos.   199
)
vs. )
)
) Hearing Date 8/6/2020 at 1:30 pm
)
KRISTAL C, OWENS f/k/a )
KRISTAL C. OWENS-GAYLE, )
)
Respondent. )

**STIPULATION AND AGREED ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Kristal C, Owens f/k/a

Kristal C. Owens-Gayle, Debtor, as represented by counsel, and the United States of America, as

represented by Scott W. Brady, United States Attorney for the Western District of Pennsylvania,

and Jill Locnikar, Assistant U.S. Attorney, as follows:

1. The Internal Revenue Service holds a  $179,220.11 prepetition claim in the case,

consisting of a secured claim of $11,095.58, a priority claim of $49,980.03 and a general

unsecured claim of $118,144.50.   The Internal Revenue Service has also filed an administrative

claim in the amount of $12,000.00, which amount is an estimate because debtor has not filed her 2019 federal income tax return.

2**.** The debtor will pay the IRS secured and priority claims, together with interest at the rate of 3 percent per year in 60 monthly installments of $1,097.45. The first such installment shall be due on the sixty-first (61st) day of the month following the effective date of the plan, and the remaining installments shall be due on the same day of each month thereafter until the secured and priority claims are paid in full with interest. If the debtor pays the IRS Secured claim in full from sale proceeds, the monthly plan payment will be reduced to pay the remaining priority claim.

3. The debtor will pay the Internal Revenue Service administrative claim in full on the plan effective date.

4. The IRS will share pro rata with other general unsecured creditors in payment of its general unsecured claim.

5. To the extent that any federal tax liens attached to any property owned by the debtor as of the date of the filing of the petition in this case, such property shall remain subject to such federal tax liens until such time as the amount of such liens has been fully satisfied. In order to protect its priority position against postconfirmation creditors, the Internal Revenue Service will file notices of federal tax lien following confirmation of the plan of reorganization for all unsecured priority periods for which there are liabilities.

6. Unless the Internal Revenue Service notifies the debtor otherwise, all payments required under this stipulation shall be made to the Internal Revenue Service, for the attention of the Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

7.   Any refunds or credits to which the debtor may become entitled at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance.   In the event any refund check or checks are received by the debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to: Internal Revenue Service, Attention:   Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222**.**

8.   To the extent that there are nondischargeable tax debts in this case, the Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964).

9.   No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the debtor completes payment in accordance with this stipulation.   Any federal tax liabilities for prepetition periods which are determined by audits completed postpetition are not discharged on confirmation, but will be due and payable as if this bankruptcy had not occurred.

10.   The period allowed the IRS under 26 U.S.C. § 6502(a) to collect the assessed taxes, penalties, interest and other additions and accruals thereon, which are still owed by the debtor after the plan effective date for the periods specified in the allowed claims of the IRS, shall be suspended for the period of time that the debt to the IRS is to be paid under the plan (as revised by this stipulation), unless and until a substantial default of these plan payments shall occur, and for six months thereafter, in accordance with 26 U.S.C. § 6503(h)(2).   A substantial default of plan payments shall have occurred under this stipulation when a payment to the IRS required by the plan as it incorporates this stipulation, has not been made, the IRS has provided the debtor

with a written notice of default, and the debtor fails to cure the default within 30 days of the date on the written notice.

11. In the event that the debtor fails to make any of the payments required under this stipulation **or** fails to comply with any of its postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the debtor's assets, including any exempt property. Notwithstanding the foregoing, the debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the debtor. Further, the IRS is not bound by any default provisions of the plan.

12. Should the debtor file another bankruptcy petition before completing the terms of this stipulation, this stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they have in this case.

13. This stipulation and agreement shall be deemed incorporated in the plan of reorganization and supersedes it where inconsistent with it.

SCOTT W. BRADY
United States Attorney

_____

_/s/ Donald R. Calaiaro_
Donald R. Calaiaro
Calaiaro Valencik
938 Penn Avenue, Suite 501
Pittsburgh, PA 15222-3708
412-232-0930
Fax : 412-232-3858
Email: dcalaiaro@c-vlaw.com

By: _/s/ Jill Locnikar_
Jill Locnikar
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA  15219
Jill.locnikar@usdoj.gov
412-894-7429
PA ID No 85892

IT IS SO ORDERED.

_____
U.S. Bankruptcy Judge   hct

_8/7/20_____
Date

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 19-24274-GLT
Kristal C. Owens                                                      Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: dkam            Page 1 of 1            Date Rcvd: Aug 07, 2020
                             Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 09, 2020.
db              +Kristal C. Owens,   10482 Baltimore Ave., Ste. 277,   Beltsville, MD 20705-2321

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 09, 2020                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 7, 2020 at the address(es) listed below:
              Ann E. Swartz    on behalf of Creditor    U.S. Bank National Association, as Trustee for MASTR
               Adjustable Rate Mortgages Trust 2006-OA1, Mortgage Pass-Through Certificates, Series 2006-OA1
               ecfmail@mwc-law.com,  ecfmail@ecf.courtdrive.com
              Brett A. Solomon    on behalf of Interested Party    OPA-Hi Development LLC
               brett.solomon@solomon-legal.com
              David Z. Valencik    on behalf of Debtor Kristal C. Owens dvalencik@c-vlaw.com,
               cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-
               vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com
              Donald R. Calaiaro    on behalf of Debtor Kristal C. Owens dcalaiaro@c-vlaw.com,
               cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-
               vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com
              James Warmbrodt    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com,
               cnoroski@grblaw.com
              Jennifer L. Cerce    on behalf of Creditor    Wilkinsburg School District and Borough of
               Wilkinsburg jlc@mbm-law.net
              Jill Locnikar    on behalf of Creditor    United States of America Department of the Treasury,
               Internal Revenue Service jill.locnikar@usdoj.gov,
               patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov
              Jill Manuel-Coughlin    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC
               bankruptcy@powerskirn.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Keri P. Ebeck    on behalf of Creditor    U.S. Bank National Association, as Trustee for Lehman XS
               Trust Mortgage Pass-Through Certificates, Series 2007-15N kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee
               larry.e.wahlquist@usdoj.gov
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Sheetal Ramesh Shah-Jani    on behalf of Creditor    Lehman Xs Trust Mortgage Pass-Through
               Certificates, Series 2007-15N sshahjani@rascrane.com
              Thomas Song    on behalf of Creditor    U.S. Bank National Association, et.al. pawb@fedphe.com
                                                                              TOTAL: 15