# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 19-24274-GLT |
| Kristal C. Owens f/k/a | ) |
| Kristal C. Owens-Gayle, | ) **Chapter** 11 |
| **Debtor,** | ) |
| Kristal C. Owens f/k/a | ) **Related Document No.** 205-184 |
| Kristal C. Owens-Gayle, | ) |
| **Movant,** | ) **Hearing Date:** 08/06/2020 @ 10:30 a.m. |
| vs. | ) |
| Wilkinsburg School District, | ) **Response Due:** 07/13/2020 |
| Wilkinsburg Borough, County of | ) |
| Allegheny, Wells Fargo Home | ) |
| Mortgage, and United States of | ) |
| America, Internal Revenue Service, | ) |
| **Respondents.** | ) **Document No.** |

## ORDER CONFIRMING SALE OF PROPERTY
## FREE AND DIVESTED OF LIENS

This __6th__ day of __August__, 2020, on consideration of the **Debtor's Motion for Entry of an Order (I) Approving Sale of Acquired Assets Free and clear of Liens and Encumbrances and (II) Granting Related Relief** to **Oakdale Development, LLC** of **2015 Mary Street, Pittsburgh, PA 15203** for **$237,000.00**, after hearing held on August 6, 2020. Regarding Said Motion the Court finds:

(1)    That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| **DATE OF SERVICE** | **NAME OF LIENOR AND SECURITY** |
|---|---|
| June 25, 2020 | Wilkinsburg School District |
| | 718 Wallace Avenue |
| | Pittsburgh, PA  15221-2299 |
| | Tax Lien |

| | |
|---|---|
| June 25. 2020 | Wilkinsburg School District<br>c/o Maiello Brungo & Maiello, LLP<br>100 Purity Road, Suite 2<br>Pittsburgh, PA  15235-4441<br>Tax Lien |
| June 25, 2020 | Wilkinsburg Borough<br>c/o Maiello Brungo & Maiello, LLP<br>100 Purity Road, Suite 2<br>Pittsburgh, PA  15235-4441<br>Tax Lien |
| June 25, 2020 | Commonwealth of Pennsylvania<br>Allegheny County<br>2213 Brownsville Road<br>Pittsburgh, PA  15210-4228<br>Tax Lien |
| June 25, 2020 | County of Allegheny<br>GRB Law<br>c/o Jeffrey R. Hunt, Esquire<br>437 Grant Street, 14th Floor<br>Frick Building<br>Pittsburgh, PA 15219-6101<br>Tax Lien |
| June 25, 2020 | Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA  50306-0335<br>First Mortgage |
| June 25, 2020 | United States of America,<br>Internal Revenue Service<br>c/o Jill L. Locnikar<br>Joseph F. Weis, Jr.<br>United States Courthouse<br>700 Grant Street, Suite 4000<br>Pittsburgh, PA 15219<br>Federal Tax Lien |
| June 25, 2020 | United States of America,<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346<br>Federal Tax Lien |

(2)     That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movants as shown by the certificate of service duly filed and that the named parties were duly served with the *Motion*.

(3)     That the said hearing was duly advertised on the Court's website pursuant to *W.PA LBR 6004-1(c)* on June 26, 2020, in the *Pittsburgh-Post Gazette* on July 10, 2020, and in the *Pittsburgh Legal Journal* on July 10, 2020, as shown by the Proof of Publications duly filed.

(4)     That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

(5)     That the price of $237,000.00 offered by **Oakdale Development, LLC, after progressive bidding,** was a full and fair price for the property in question.

(6)     That the purchaser is acting in good faith with respect to the within sale in accordance with In re: Abbots Dairies of Pennsylvania, Inc.*,* 788 F.2d 143 (3d Cir. 1986).

*NOW THEREFORE,* it is hereby ***ORDERED, ADJUDGED AND DECREED*** that the sale by Special Warranty Deed of the real property described in the Motion as **204-214 South Avenue, Wilkinsburg, PA 15221** is hereby ***CONFIRMED*** to **Oakdale Development, LLC** of **2015 Mary Street, Pittsburgh, PA 15203** for $237,000.00, free and divested of any liens, claims and encumbrances is approved; and, that the Movant is authorized to make, execute and deliver to the Purchaser above named or its assignee the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

It is ***FURTHER ORDERED***, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale be free, clear and divested of said liens and claims;

It is ***FURTHER ORDERED***, that the Purchaser is permitted to record a copy of this Order with any applicable governmental recording office;

It ***FURTHER ORDERED***, that **OPA-HI Development, LLC** of **1917 Murray Avenue, #34, Pittsburgh, PA 15217** is designated as the back-up bidder to this sale. In the event that the sale to Oakdale Development, LLC does not close in the time permitted by this Order, the sale of **204-214 South Avenue, Wilkinsburg, PA 15221** is hereby ***CONFIRMED*** to **OPA-HI Development, LLC** for $236,000.00, free and divested of any liens, claims and encumbrances is approved; and, that the Movant is authorized to make, execute and deliver to the designated back-up bidder the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of the sale. Any hand money or break-up fee held on behalf of OPA-HI

Development, LLC shall be paid upon the closing of the sale to Oakdale Development, LLC.

It is **FURTHER ORDERED**, that the following expenses/costs shall immediately be paid at the time of closing. *Failure of the Closing Agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions*, including among other things, a fine or imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distributions specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following lien(s)/claim(s) and amounts: **Wilkinsburg School District in full plus any legal fees related to this sale, their payoff which is subject to verification and allowance by this court; Wilkinsburg Borough in full plus any legal fees related to this sale, its payoff which is subject to verification and allowance by this Court; County of Allegheny in full plus any legal fees related to this sale, their payoff which is subject to verification and allowance by this court;**

(2) Delinquent real estate taxes; if any;

(3) The sale is pursuant to the Debtor's chapter 11 Plan of reorganization and it is not subject to realty transfer taxes, 11 USC §1146;

(4) Current real estate taxes, pro-rated to the date of closing;

(5) The costs of local newspaper advertising reimbursed to Calaiaro Valencik in the amount of **$598.00**;

(6) The costs of legal journal advertising reimbursed to Calaiaro Valencik in the amount of **$455.60**;

(7) The sole realtor commission payable in this transaction is **6%** to be paid by the Debtor.

(8) Court approved attorney fees made in the amount of **$2,500.00** made payable to Calaiaro Valencik;

(9) **$5,000.00** to be paid for the costs of administration;

(10) **$11,095.58** to the United States of America, Internal Revenue Service

(11) The balance of funds realized from the within sale shall be paid to Wells Fargo Home Mortgage. The Debtor reserves the right to seek a verified payoff from the mortgagee.

It is **FURTHER ORDERED** that:

(1) ***Within seven (7) days of the date of this Order,*** the Movant/Plaintiff shall serve a copy of the within *Order* on each Respondent/Defendant (i.e., each party against whom relief is sought) and its attorney or record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney

(2)     ***Closing shall occur within sixty (60) days of the entry of this Order or within three (3) business days following the date the order confirming the Debtor's chapter 11 plan becomes final, whichever date is later; the buyer waived all contingencies and right to a due diligence period at the hearing on this sale.***

for the Purchaser, if any, and file a Certificate of Service.

(3)     ***Within seven (7) days following closing,*** the Movant/Plaintiff shall file a ***Report of Sale*** which shall include a copy of the HUD-1 or other Settlement Statement; and,

(4)     This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

**By the Court:**

_____
**Honorable Gregory L. Taddonio
United States Bankruptcy Court**