FILED
9/9/20 1:56 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Case No.** 19-24274-GLT |
| Kristal C. Owens, f/k/a | ) **Chapter** 11 |
| Kristal C. Owens-Gayle, | ) **Related to Doc Nos.** 152 and 241 |
| **Debtor.** | ) **Document No.** |

**MODIFIED ORDER CONFIRMING DEBTOR'S
CHAPTER 11 PLAN OF REORGANIZATION DATED MAY 14, 2020**

**AND NOW**, this __9th__ day of __September__, 2020, upon consideration of the *Chapter 11 Plan of Reorganization Dated May 14, 2020* (the "Plan") filed by Kristal C. Owens (the "Debtor") (ECF No. 152), the accompanying *Disclosure Statement* (the "Disclosure Statement") (ECF No. 154), and the *Amended Summary of Balloting and Request for Confirmation* (the "Balloting Summary") (ECF No. 202) and, after notice and hearing held before this Court on September 3, 2020 (the "Confirmation Hearing"), together with any opposition thereto and any stipulations made between the Debtor and the Objecting Party that have been approved by this Court resolving said opposition, the Court hereby finds that:

1. Notice of the Confirmation Hearing and the opportunity of any party in interest to object to confirmation were adequate and appropriate as to all parties in interest to be affected by the Plan and the transactions contemplated therein.

2. The Balloting Summary validly and correctly sets forth the tabulation of votes, as required by the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

3. The Plan was voted on by at least one Class of impaired Claims that was entitled to vote pursuant to the Bankruptcy Code and the Bankruptcy Rules.

4. The Plan complies with all requirements for confirmation as set forth in Section 1129 of the Bankruptcy Code, in that:

a. The Plan complies with the applicable provisions of the Bankruptcy Code;

b. The Debtor has complied with the applicable provisions of the Bankruptcy Code;

c. The Debtor has proposed the Plan in good faith and not by any means forbidden by law;

d. Any payments made or to be made for services, costs, and/or expenses incurred during the administration of the Debtor's bankruptcy have been approved, or are subject to approval by the Court;

e. The Plan complies with section 1129 of the Bankruptcy Code in that at least one class of claims impaired under the Plan has accepted the Plan, specifically:

   i. Class 9 accepting the Plan by ballot;

   ii. Classes 3, 6, 7, and 8 accepting the Plan as modified by respective approved stipulations;

   iii. Class 1 and 2 were not entitled to vote upon the Plan; and

   iv. Classes 4 and 5 not submitting a ballot accepting or rejecting the Plan as proposed, or otherwise submitting an objection against the Confirmation.

f. The Plan complies with section 1129(b) in that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired and has not accepted the Plan;

g.  All fees payable under Section 1930 of title 28 of the United States Code have been paid, and to the extent any of the aforementioned fees are unpaid, the Plan provides for the payment of all such fees.

**IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

5.  The foregoing findings of fact are incorporated by reference.

6.  The Plan is hereby **APPROVED** and **CONFIRMED** on a final basis and in all respects pursuant to section 1129 of the Bankruptcy Code. The provisions of the Plan are in full force and effect as of the date of this Order, except as expressly modified herein.

7.  This Confirmation Order contains modifications to the Plan that were made to address objections from parties-in-interest. Modifications to the Plan since the solicitation thereof are consistent with the provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations. The disclosure of any Plan modifications prior to or on the record at the Confirmation Hearing constitutes due and sufficient notice of any and all Plan modifications. The Plan as modified shall constitute the Plan submitted for Confirmation.

8.  Upon agreement between the Debtor and the United States of America, Internal Revenue Service, treatment of its class 1 and class 8 claims shall be amended to the extent provided in the approved Stipulation and Agreed Order, which is incorporated herein by reference. See ECF No. 209.

9.  Upon agreement between the Debtor and Toyota Lease Trust, treatment of its class 3 claim shall be amended to the extent provided in the approved Stipulation and Order, which is incorporated herein by reference. See ECF No. 222.

10. Upon agreement between the Debtor and Bayview Loan Servicing, Inc., treatment of its class 6 claim shall be amended to the extent provided in the approved Stipulation, which is incorporated herein by reference. See ECF No. 178.

11. Upon agreement between the Debtor and U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N, treatment of its class 7 claim shall be amended to the extent provided in the approved Stipulation and Order, which is incorporated herein by reference. See ECF No. 235.

12. Upon satisfying all conditions precedent to the Effective Date of the Plan, the Debtor will provide notice to all creditors and parties-in-interest that the Debtor have satisfied the conditions precedent, thus triggering the Effective Date. A notice of the Effective Date shall be filed with the Court within seven days of its occurrence.

13. The Debtor, by and through her authorized representatives and counsel, shall take any and all actions necessary or appropriate to implement and consummate the Plan.

14. All creditors and parties in interest are specifically enjoined from taking any action contrary to the provisions of the Plan and/or this Order.

15. Any objections to confirmation not withdrawn or otherwise resolved and or addressed by approved Stipulation or in this Order are expressly **OVERRULED**.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that this Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of the Plan or this Order.

9/9/2020
cm: Debtor

**By the Court:**

_____
**Honorable Gregory L. Taddonio
United States Bankruptcy Judge**

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                Case No. 19-24274-GLT
Kristal C. Owens                                                      Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2            User: culy              Page 1 of 1              Date Rcvd: Sep 09, 2020
                                Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 11, 2020.
db           +Kristal C. Owens,    10482 Baltimore Ave., Ste. 277,   Beltsville, MD 20705-2321

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                               TOTAL: 0

    ***** BYPASSED RECIPIENTS *****
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 11, 2020                                     Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 9, 2020 at the address(es) listed below:
    Ann E. Swartz    on behalf of Creditor    U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2006-OA1, Mortgage Pass-Through Certificates, Series 2006-OA1 ecfmail@mwc-law.com, ecfmail@ecf.courtdrive.com
    Brett A. Solomon    on behalf of Interested Party    OPA-Hi Development LLC brett.solomon@solomon-legal.com
    David Z. Valencik    on behalf of Debtor Kristal C. Owens dvalencik@c-vlaw.com, cvlaw.ecf.dvalencik@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com
    Donald R. Calaiaro    on behalf of Debtor Kristal C. Owens dcalaiaro@c-vlaw.com, cvlaw.ecf.dcalaiaro@gmail.com;aheath@c-vlaw.com;kmosur@c-vlaw.com;bhassain@c-vlaw.com;ssimmons@c-vlaw.com;mpeduto@c-vlaw.com;rfeil@c-vlaw.com;eratti@c-vlaw.com
    James Warmbrodt    on behalf of Creditor    Toyota Lease Trust bkgroup@kmllawgroup.com
    Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com, cnoroski@grblaw.com
    Jennifer L. Cerce    on behalf of Creditor    Wilkinsburg School District and Borough of Wilkinsburg jlc@mbm-law.net
    Jill Locnikar    on behalf of Creditor    United States of America Department of the Treasury, Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov
    Jill Manuel-Coughlin    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bankruptcy@powerskirn.com
    Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com
    Keri P. Ebeck    on behalf of Creditor    U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N kebeck@bernsteinlaw.com, jbluemle@bernsteinlaw.com
    Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee larry.e.wahlquist@usdoj.gov
    Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
    Sheetal Ramesh Shah-Jani    on behalf of Creditor    Lehman Xs Trust Mortgage Pass-Through Certificates, Series 2007-15N sshahjani@rascrane.com
    Thomas Song    on behalf of Creditor    U.S. Bank National Association, et.al. pawb@fedphe.com
                                                                                                             TOTAL: 15